# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**HAMILTON CROSSINGS TOWNHOMES**
**OWNER ASSOCIATION, INC.,**

    **Plaintiff,**

**v.**                                                    Civil Action No. _____

                                                          **JURY DEMAND**

**NATIONWIDE MUTUAL INSURANCE**
**COMPANY,**

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, Hamilton Crossings Townhomes Owner Association, Inc., by and through counsel, and for its claims against Nationwide Mutual Insurance Company would respectfully state and show as follows:

### PARTIES AND JURISDICTION

1. Hamilton Crossings Townhomes Owner Association, Inc. (hereafter "Hamilton Crossings") is a corporation duly formed under the condominium and business organization laws of the State of Tennessee. Hamilton Crossings is a condominium owners' association that is governed by a Board of Directors pursuant to Tennessee law. The condominium units and associated property are located at and around 3001 Hamilton Church Road, Antioch, Davidson County, TN 37013 (the "Insured Premises").

2. Nationwide Mutual Insurance Company ("Nationwide") is an Ohio corporation, with its principal place of business located at One Nationwide Plaza, Columbus, Ohio, that is

engaged in the business of insurance in the State of Tennessee.

3. Jurisdiction and venue are appropriate in this Court. Complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332 and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

4. This Complaint originates as the result of a storm(s) that severely damaged the structures and other property located at the Insured Premises, and Nationwide's wrongful failure and refusal to fully pay Hamilton Crossings for the insured losses it sustained.

## **FACTS**

5. At all times material hereto, Hamilton Crossings was the insured in an insurance contract whereby Nationwide agreed to insure the Insured Premises against property damage, being Policy No. ACP BPHM5674153900 and/or predecessor policies thereto (the "Policy"). The term of the policy period at issue was December 25, 2016 to December 25, 2017.

6. A copy of the Policy is attached hereto as Exhibit "A".

7. At all times relevant hereto, the Insured Premises consisted of thirty-seven townhome-style, residential condominium buildings and surrounding areas, containing multiple residential living units in each building.

8. The Policy provided insurance coverage for loss or damage to the buildings and structures located on the Insured Premises. The Policy is an "all risk" policy, which means that it provides insurance coverage for all direct physical loss to covered property unless the loss is specifically excluded or limited in the Policy.

9. The Policy's coverage for the buildings and structures on the Insured Premises was on a "replacement cost" valuation basis, which means that coverage is provided on a replacement cost basis without deduction for depreciation.

10. Pursuant to the Policy, Hamilton Crossings paid a premium to Nationwide in exchange for insurance coverage. Hamilton Crossings paid the required premiums at all times relevant to this Complaint.

11. On or about March 1, 2017, April 30, 2017 and/or at other times during the term of the Policy, a severe windstorm event involving extremely high winds struck the Insured Premises, causing substantial damage to buildings and structures located thereon (hereafter the "Loss"). As a result of the Loss, the buildings and structures located on the Insured Premises suffered immediate and direct physical loss, including but not limited to damage to the roofs and other exterior components of the buildings.

12. The Policy was in effect at the time of the Loss, and the Loss is a compensable claim under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

13. The Loss was promptly reported to Nationwide, and Nationwide assigned a claim number – 421333-GF.

14. Hamilton Crossings fulfilled all of the duties after the Loss that were imposed upon it by the Policy.

15. After the Loss, Nationwide admitted and represented to Hamilton Crossings that the Loss was a compensable claim, and a portion of Hamilton Crossings' claim as a result of the Loss has in fact been paid.

16. In or around August or September 2017, Nationwide provided Hamilton Crossings with an estimate of the damage to the buildings caused by the Loss. The estimate provided by Nationwide proposed a scope of repairs that included approximately 1,900 individual shingle replacements on the roofs of the Hamilton Crossings buildings. Nationwide determined the replacement cost value of the damage to be $182,490.23 and the actual cash value to be

$154,259.11.

17. In response, in November 2017, Hamilton Crossings' general contractor, Summit Restoration, advised Nationwide that (a) the individual shingle repairs proposed by Nationwide could not be accomplished without damaging the surrounding shingles; and (b) the proposed individual shingle repairs would not match and would leave Hamilton Crossings' roofs with a mismatched, checkerboard appearance. Accordingly, Hamilton Crossings requested that Nationwide re-evaluate the scope of repairs.

18. Nationwide represented to Hamilton Crossings that it was continuing its investigation of the amount of the Loss, and engaged Rimkus Consulting Group, Inc. ("Rimkus") to inspect the buildings at the Insured Premises. Rimkus inspected the property on January 2 and 26, 2018, and issued a report to Nationwide dated February 9, 2018.

19. In its February 9, 2018 report, Rimkus concluded that the asphalt shingle roofs at Hamilton Crossings were damaged by wind, and proposed patchwork repairs similar to that previously proposed by Nationwide.

20. Nationwide provided a copy of the Rimkus report to Hamilton Crossings on June 27, 2018.

21. After Nationwide made its initial inadequate payment, Hamilton Crossings hired its own consulting experts, who determined the amount of the loss was many multiples higher than previously determined by Nationwide.

22. Hamilton Crossings engaged a licensed structural engineer, Steve Prosser, P.E. Mr. Prosser inspected the Insured Premises on June 28 through July 5, 2018, and issued a report dated August 18, 2018. Mr. Prosser concluded that 34 of the 37 roofs suffered catastrophic damage, necessitating replacement (all roofs except those with newer, more durable architectural asphalt

shingles). The wind damage to the roofs manifested in the form of missing shingles, lifted shingles, creased tabs, and cracked shingles, all of which were widely dispersed over the entirety of each roof. Mr. Prosser further opined that the damaged roofs could not be repaired by shingle inserts, but rather required complete replacement. Additionally, Mr. Prosser concluded that damaged roof decking must be replaced.

23. On September 4, 2017, Hamilton Crossings provided Nationwide a copy of Mr. Prosser's report, and requested that it advise if Nationwide agreed with the scope of work outlined in Mr. Prosser's report. In response, Nationwide advised on September 6, 2018 that it continued its investigation and adjustment of the claim and would have Rimkus review Mr. Prosser's report and respond after that review.

24. On October 3, 2018, after an inquiry by Hamilton Crossings, Nationwide advised that Rimkus was still reviewing Mr. Prosser's report and that a response would be provided the following week. On October 12, 2018, having still received no update from Nationwide, Hamilton Crossings again inquired regarding Nationwide's review of the claim.

25. On October 18, 2018, Nationwide provided Hamilton Crossings with a supplemental report from Rimkus, which stated that its conclusions from its prior report of February 2018 remained unchanged.

26. Also on October 18, 2018, Nationwide advised that it would not make any additional payments for repairs beyond the scope outlined by Rimkus and denied Hamilton Crossings' request for additional payments.

27. After Hamilton Crossings made further inquiries, Nationwide again advised on November 7, 2018 that it would make no additional payments for repairs beyond the scope outlined by Rimkus.

5

28. The actual amount of the loss caused by the Loss exceeds One Million Dollars ($1,000,000).

29. Despite the fact that Hamilton Crossings has fulfilled all duties imposed upon it by Nationwide and is at no fault in this matter, Nationwide has refused to timely and fully pay Hamilton Crossings for its insured losses.

30. Nationwide's refusal to promptly and fully pay Hamilton Crossings the amounts owed as a result of the Loss is without justification and in bad faith.

31. Nationwide's refusal to pay the money and benefits due and owing Hamilton Crossings under the Policy has caused Hamilton Crossings to seek legal counsel and to initiate this Complaint to recover the insurance proceeds and/or other Policy benefits to which Hamilton Crossings is entitled.

## CAUSES OF ACTION

### Count I – Breach of Contract

32. The allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference as if set forth verbatim.

33. The Policy issued by Nationwide to Hamilton Crossings is a binding contract and is supported by valid consideration.

34. Nationwide is in total, material breach of the Policy, and Nationwide is liable to Hamilton Crossings in the maximum amount allowed by the Policy for the Loss, less payments previously made. Specifically, Nationwide breached its contract with Hamilton Crossings by its failure and refusal to fully and promptly pay the amounts owed to Hamilton Crossings as a result of the Loss as required by the terms of the Policy and applicable law.

35. As a result of Nationwide's breach of contract, Hamilton Crossings has sustained substantial compensable losses under the Policy as a result of the Loss, including but not limited to the replacement cost of the damage to the Insured Premises and temporary repairs.

36. Nationwide is liable to Hamilton Crossings for its losses.

37. Nationwide's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. Specifically, Nationwide intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Hamilton Crossings' claim when liability was clear; (2) refused and failed to conduct a reasonable investigation based on all available information; (3) refused and failed to obtain all reasonably available information before alleging it had no further obligations to Hamilton Crossings; (4) unjustly refused to pay Hamilton Crossings' claim in full for its own financial preservation with no reasonable or justifiable basis; (5) failed to fully inform Hamilton Crossings of its rights and obligations under the Policy; (6) unreasonably delayed the handling and payment of the claim; (7) failed to promptly provide Hamilton Crossings with a reasonable and accurate explanation for its refusal to fully compensate Hamilton Crossings for the damages caused by the Loss; (8) failed to properly, fully, and promptly investigate and adjust Hamilton Crossings' claim and to pay Hamilton Crossings fully for its losses; (9) failed to fully and promptly pay all amounts due and owing under the Policy with no reasonable or justifiable basis; (10) offered Hamilton Crossings substantially less than the amount actually owed in an effort to deprive Hamilton Crossings of its rights under the Policy; (11) utilized biased "experts" in an effort to deprive Hamilton Crossings of the insurance proceeds to which it was entitled; and (12) engaged in conduct designed to decrease and minimize the amount to be paid to Hamilton Crossings and similarly situated policyholders. Nationwide knew, or reasonably should have known, that Hamilton

Crossings was justifiably relying on the money and benefits due it under the terms of the Policy and as otherwise promised and represented by Nationwide. Nevertheless, acting with conscious disregard for Hamilton Crossings' rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Hamilton Crossings, Nationwide consciously refused to fully compensate Hamilton Crossings for its losses, and withheld monies and benefits rightfully due Hamilton Crossings. In so acting, Nationwide intended to and did injure Hamilton Crossings in order to protect its own financial interests and should be punished. Hamilton Crossings seeks, and is entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Hamilton Crossings would respectfully request that this Honorable Court award a judgment against Nationwide as follows:

A. For compensatory damages in an amount to be determined by the jury;

B. For punitive damages in an amount to be determined by the jury;

C. For all costs incurred by Hamilton Crossings as a result of this action;

D. For pre- and post-judgment interest; and

E. For such other further and general relief as this Court deems just and equitable.

## IV. JURY DEMAND

Hamilton Crossings demands a jury.

Respectfully submitted,

GILBERT McWHERTER
SCOTT & BOBBITT, PLC

*s/ J. Brandon McWherter*
J. BRANDON McWHERTER #21600
bmcwherter@gilbertfirm.com
JONATHAN L. BOBBITT #23515
jbobbitt@gilbertfirm.com
341 Cool Springs Blvd, Suite 230
Franklin, Tennessee 37067
(615) 354-1144

CLINTON H. SCOTT
cscott@gilbertfirm.com
101 N. Highland Ave.
Jackson, Tennessee 38301
(731) 664-1340

*Attorneys for Plaintiff*